# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| James Allen Brooks, Jr, | § § | Case No. 25-10137-AMC |
| Debtor. | § § | |

## MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THE DEBTOR'S CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(b)

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for the entry of an order, pursuant to section 707(b) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code"), dismissing the above-captioned bankruptcy case. In support of this Motion, the U. S. Trustee represents as follows:

## JURISDICTION

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by

Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under section 307 of the Bankruptcy Code, the U.S. Trustee has standing to be heard on the Motion. *Id.*

3. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. See L.B.R. 9014-3(b)(2).

## BACKGROUND

4. On January 13, 2025 (the "Petition Date"), James Allen Brooks, Jr. (the "Debtor") commenced his bankruptcy case by filing a voluntary petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code. *See* Dkt. No. 1. The Debtor is not represented by counsel.

5. The Debtor admits on his Petition that his debts are primarily consumer debts. *Id.* at p. 7.

6. On January 13, 2025, the Debtor filed his *Schedules of Assets and Liabilities* (the "Schedules"). Dkt. No. 6, pp. 1-38. On that date, he also filed certain other required documents, including the *Statement of Current Monthly Income* and

2

*Chapter 7 Means Test Calculation*, on which he states this is a case where there is a presumption of abuse.  *See* Dkt. No. 7.

7. On January 27, 2025, the Debtor filed his *Summary of Assets and Liabilities and Certain Statistical Information.*  *See* Dkt. No. 13.  On March 18, 2025, the Debtor filed an *Amended Schedule A/B*.  *See* Dkt. No. 16.  On March 21, 2025, the Debtor filed an *Amended Schedule J* and an *Amended Summary of Assets and Liabilities and Certain Statistical Information.*  *See* Dkt. Nos. 18 and 19 respectively.  To date, no other amendments have been filed with the Court.

8. The Meeting of Creditors pursuant to Bankruptcy Code section 341(a) (the "Creditors' Meeting") was originally held on February 17, 2025 and continued to March 17, 2025.  The Creditors' Meeting was continued because the Debtor was required to make amendments to his filed documents.  The Debtor appeared at the continued Creditors' Meeting on March 17, 2025.  The chapter 7 trustee concluded the meeting on April 7, 2025.

9. The Debtor lists five debts on Schedule D; a loan secured by real property in the amount of $235,000, a loan on real estate sold in the amount of $34,450, a loan on a 2021 Jeep Wrangler in the amount of $39,743, a loan on a 2019 Ram 1500 in the amount of $25,800, and a loan on a 2001 Peterbilt Tractor in the amount of $37,406.  *See* Dkt. No. 6, pp. 12-13.

10. The Debtor lists several unsecured non-priority debts on Schedule E/F totaling $41,734, all of which appear to be consumer debts.  *See* Dkt. No. 6, pp. 14-19

3

## **RELIEF REQUESTED**

11. The U.S. Trustee requests entry of an order under Bankruptcy Code section 707(b) dismissing the Debtor's bankruptcy case.

### **A. DISMISSAL UNDER SECTION 707(b)(2)**

12. Section 707(b)(1) provides that the court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds granting relief would be an abuse of the provisions of chapter 7. The Debtor admits that his debts are primarily consumer debts. *See* Petition, box 16.

13. Pursuant to section 521(a)(1)(B)(v), in a case where individual Debtor debts are primarily consumer debts, the debtor is required to file "a statement of the amount of monthly net income, itemized to show how the amount is calculated." Section 707(b)(2) provides that as part of the schedule of current monthly net income required under section 521, the debtor "shall include a statement of the debtors current monthly income, and the calculations that determine whether a presumption arises under" section 707(b)(2)(A)(I). The Debtor submitted this statement by completing and filing the *Statement of Current Monthly Income and Chapter 7 Means Test Calculation–Forms 122A-1 and 122A-2*.

14. Section 707(b)(2)(A)(1) provides that the court shall presume abuse exists if the debtor's current monthly income, reduced by allowed deductions and multiplied by sixty, is not less than the lesser of twenty five percent of the non-priority unsecured claims or $9,075, whichever is greater, or $15,150. Through the *Chapter*

4

*7 Means Test Calculation*, the Debtor admits that there is a presumption of abuse. *See* Dkt. No. 7, p 8. Question 40; p. 9 Question 42.[1]

15. Section 707(b)(2)(B) provides that a presumption of abuse may be rebutted by demonstrating special circumstances. Through his Means Test, the Debtor asserts that such special circumstances exist. *See* Dkt. No. 7, p. 11. The Debtor asserts that he incurred expenses related to his business. However, the Debtor testified at the Meeting of Creditors that his business ceased operating prior to filing.

16. Because a presumption of abuse arises in this case after proper application of section 707(b)(2) and upon information and belief, no special circumstances exist to rebut the presumption, the case should be dismissed pursuant to section 707(b)(1) as an abuse of the provisions of chapter 7.

### B. DISMISSAL UNDER SECTION 707(b)(3)

17. The U. S. Trustee also asserts the granting of relief in this case is an abuse of the provisions of chapter 7 based on the totality of the circumstances of the Debtor's financial situation and, accordingly, requests dismissal under Bankruptcy Code section 707(b)(3).

18. The Debtor states a monthly income on *Schedule I* of $8,956.00. *See*

---

[1] Pursuant to Bankruptcy Code section 104(a), the dollar amounts in section 707(b) were adjusted effective April 1, 2025. Pursuant to Bankruptcy Code section 104(c), the "[a]djustments made in accordance with subsection (a) shall not apply with respect to cases commenced before the date of such adjustments." The present case filed prior to the time of the adjustments.

5

Dkt. No. 6, pp. 22-23.

19. The Debtor list monthly household expenses on amended Schedule J of $8,440, resulting in monthly disposable income of $516.00. *See* Dkt. No. 18, pp. 1-3.

20. Over a five (5) year period, this monthly surplus would result in a distribution of $30,960 to unsecured creditors, for an approximate dividend of 74% to each creditor. Moreover, that surplus is calculated prior to any belt tightening, such as minimizing the $534.00 in monthly payments on telephone, cell phone, internet, satellite, and cable service, or eliminating the large monthly payment for the 2001 Peterbilt truck. *In re Trotta*, 597 B.R. 269, 284 (Bankr. E.D. Pa. 2019) ("While a debtor is not required to live in poverty to defeat a §707(b) action to dismiss, a debtor may still be required to engage in some good, old-fashioned belt tightening.") (internal quotations omitted)

21. The primary concern under section 707(b)(3) is whether a debtor has a meaningful ability to repay unsecured creditors. *Id.* at 283. Thus, courts have dismissed chapter 7 cases when the debtors actual financial situation demonstrated an ability to pay a significant percentage of his or her unsecured debts. *Id.* Here, the Debtor could make a significant distribution to his unsecured creditors under a chapter 13 plan.

22. The U. S. trustee therefore avers that the totality of the circumstances of the Debtor's financial situation demonstrates abuse in this case pursuant to Bankruptcy Code section 707(b)(3) and the Court therefore should dismiss this case

pursuant to section 707(b)(1) as an abuse of the provisions of chapter 7.  *See e.g., In re Pennington*, 348 B.R. 647, 652 (Bankr. D. Del. 2006) (granting relief to a chapter 7 debtor constituted abuse under post-BAPCPA Section 707(b)(3)(B) where the debtor had the ability to pay significantly more than 25% of her unsecured debt under a hypothetical chapter 13 plan, or more than $167.00 per month towards such a plan).  In the present case, *Schedule I* and the *Means Test* reflect significant disposable income which ultimately gives the Debtor the ability to fund a Chapter 13 plan.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated:  April 11, 2025

Respectfully submitted,

**Andrew R. Vara**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By: */s/ John Schanne*
John Schanne, Trial Attorney
Office of the United States Trustee
Robert N.C. Nix Sr. Federal Bldg.
900 Market Street, Room 320
Philadelphia, PA 19107
Telephone: (215) 597-4411
E-Mail: john.schanne@usdoj.gov

7